# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-468V
### Filed: January 15, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ELIZABETH J. ZDROIK, | * | |
| | * | |
| Petitioner, | * | Joint Stipulation on Damages; |
| | * | Influenza ("Flu") Vaccine; |
| | * | Left Shoulder Injury; |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Ramon Rodriquez, III, Rawls McNelis and Mitchell, P.C., Richmond, VA, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On May 8, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleges that she suffered a left shoulder injury as a result of her October 16, 2012 influenza ["flu"] vaccination. Petition at 1; Stipulation, filed 1/13/2016, ¶¶ 2, 4. Petitioner further alleges that she has experienced the symptoms of her injury for more than six months, and has received no prior award or settlement of a civil action for damages as a result of her injury. Petition, ¶¶ 10-11; Stipulation, ¶¶ 4-5. "Respondent denies that the flu vaccine either caused or significantly aggravated petitioner's alleged injury or any other injuries, and denies that petitioner's current disabilities are the result of a vaccine-related injury." Stipulation, ¶ 6.

Nevertheless, on January 13, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $140,000.00 in the form of a check payable to petitioner**. Stipulation, ¶ 8.  This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a).  *Id.*

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| ELIZABETH J. ZDROIK, | ) |
|  | ) |
| Petitioner, | ) No. 15-468V ECF |
|  | ) |
| v. | ) Chief Special Master Dorsey |
|  | ) |
| SECRETARY OF HEALTH | ) |
| AND HUMAN SERVICES, | ) |
|  | ) |
| Respondent. | ) |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Petitioner, Elizabeth J. Zdroik, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. On October 16, 2012, petitioner received the flu vaccine in the left deltoid.

3. The flu vaccine was administered within the United States.

4. Petitioner alleges that, as a result of receiving the flu vaccine, she suffered from a left shoulder injury, and that she experienced symptoms of the injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her alleged injuries.

6. Respondent denies that the flu vaccine either caused or significantly aggravated

1

petitioner's alleged injury or any other injuries, and denies that petitioner's current disabilities

are the result of a vaccine-related injury.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the

issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent

with the terms of this Stipulation, and after petitioner has filed an election to receive

compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human

Services will issue the following vaccine compensation payment:

> A lump sum of $140,000.00, in the form of a check payable to petitioner.   This
> amount represents compensation for all damages that would be available under 42
> U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and

after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding

upon this petition.

10.   Petitioner and her attorney represent that compensation to be provided pursuant to

this Stipulation is not for any items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396

et seq.)), or by entities that provide health services on a pre-paid basis.

11.   Payment made pursuant to paragraph 8 of this Stipulation, and any amounts

awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C.

§ 300aa-15(i), subject to the availability of sufficient statutory funds.

12.   The parties and their attorneys further agree and stipulate that, except for any award

for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be

used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C.

§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.   In return for the payments described in paragraphs 8 and 9, petitioner, in her

individual capacity and on behalf of her heirs, executors, administrators, successors or assigns,

does forever irrevocably and unconditionally release, acquit and discharge the United States and

the Secretary of Health and Human Services from any and all actions, causes of action (including

agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever

kind or nature) that have been brought, could have been brought, or could be timely brought in

the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42

U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or

unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or

alleged to have resulted from, the flu vaccine administered on October 16, 2012, as alleged by

petitioner in a petition for vaccine compensation filed on or about May 8, 2015, in the United

States Court of Federal Claims as petition No. 15-468V.

14.   If petitioner should die prior to entry of judgment, this agreement shall be voidable

upon proper notice to the Court on behalf of either or both of the parties.

15.   If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.   This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 9 above.   There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.   The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.   This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine received by petitioner either caused or significantly aggravated petitioner's alleged injury, or any other injury or disability.

18.   All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

*Elizabeth J. Zdroik*
ELIZABETH J. ZDROIK

ATTORNEY OF RECORD FOR
PETITIONER:

RAMON RODRIGUEZ III, M.D.
Rawls, McNelis + Mitchell
211 Rocketts Way, Suite 100
Richmond, VA 23231
(804) 782-0608

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Director, Division of Injury
    Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and
    Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 1/13/16

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4357