# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-468V
Filed: February 3, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ELIZABETH ZDROIK,

       Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

       Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Attorneys' Fees and Costs;
Special Processing Unit ("SPU")

*Ramon Rodriguez, III, Rawls, McNelis and Mitchell, PC*, for petitioner.
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 8, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury as a result of her October 16, 2012 influenza ("flu") vaccination. On January 15, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation. (ECF No. 30).

On September 19, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 37). Petitioner requests attorneys' fees in the amount of $25,526.90,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $917.95, and petitioner's out-of-pocket costs in the amount of $4.48 for a total amount of $26,449.33. *Id.* at ¶¶ 3, 8.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $4.48 in out-of-pocket expenses.

Petitioner's request for her attorney's fees and costs award is based upon the following hourly rates and hours of work performed by petitioner's attorney, Ramon Rodriguez, MD, and paralegal, Lisa Robertson, between 2014 and 2016.

| Name | Work Year | Hourly Rate | Number of Hours | Subtotal |
| --- | --- | --- | --- | --- |
| Ramon Rodriguez III, MD, JD | 2014 | $361.00 | 0.9 | $324.90 |
| Lisa Robertson | 2014 | $131.00 | 12.4 | $1,624.40 |
| Ramon Rodriguez III, MD, JD | 2015 | $375.00 | 35.1 | $13,162.50 |
| Lisa Robertson | 2015 | $135.00 | 35.6 | $4,806.00 |
| Ramon Rodriguez III, MD, JD | 2016 | $389.00 | 11.9 | $4,629.10 |
| Lisa Robertson | 2016 | $140.00 | 7.0 | $980.00 |
| TOTAL | | | | $25,526.90 |

*Id.* at ¶ 3.

On September 22, 2016, respondent filed a response to petitioner's motion. (ECF No. 38).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2).  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $15,500.00 to $18,500.00" citing two SIRVA cases where the stipulated award of attorneys' fees and costs fell within the given range.  (*Id.* at 3).

On September 30, 2016, petitioner filed a reply.  (ECF No. 39).  Petitioner argues that "the recommended range suggested by respondent bears no relationship to the specific details involved, nor the total amount of time required in the instant matter and therefore should not be considered." (*Id.* at ¶4).

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the time billed by petitioner's counsel appears reasonable, and the undersigned finds no cause to reduce the requested hours.  However, the undersigned finds that a reduction in the rates billed by petitioner's

counsel, Dr. Rodriguez, is necessary.  The undersigned finds that Dr. Rodriguez's requested rates, in particular his request of $381 an hour for work performed in 2016, exceeds the hourly rate of an attorney with his experience and qualifications.

Petitioner has requested Dr. Rodriguez be awarded forum rates consistent with the analysis and findings in *McCulloch*.[3]  Respondent does not dispute petitioner's counsel's entitlement to forum rates.  *McCulloch* sets ranges of forum hourly rates for attorneys of varying experience in the Vaccine Program.  Based upon *McCulloch* the Office of Special Masters has published on its website an "Office of Special Masters Attorneys Forum Hourly Rate Schedule: 2015 – 2016" ("OSM Forum Fee Schedule").[4]  Under the OSM Forum Fee Schedule a Vaccine Program attorney entitled to forum rates with between 11-18 years of experience may reasonably request between $300-$375 an hour for work performed in the calendar years of 2015 and 2016.

In 2016, Dr. Rodriguez had 14 years of legal experience, having practiced law since 2002. (ECF No. 37 at ¶ 6).  Additionally, he is a board certified primary care physician, serves as lead counsel for his firm's Vaccine Injury Practice, and is a guest lecturer on vaccine injuries. (*Id.*)   Based upon his experience and other credentials the undersigned finds that for 2016 Dr. Rodriguez is reasonably entitled to $375 an hour representing the upper end of the OSM Forum Fee Schedule for an attorney with between 11-18 years of experience.   The undersigned finds that $361 an hour is a reasonable award for Dr. Rodriguez in 2015, and $348 a reasonable rate for Dr. Rodriguez in 2014.[5]  Accordingly, the undersigned awards petitioner's counsel fees as follows:

| Name | Work Year | Hourly Rate | Number of Hours | Subtotal |
| --- | --- | --- | --- | --- |
| Ramon Rodriguez III, MD, JD | 2014 | $348.00 | 0.9 | $313.20 |
| Lisa Robertson | 2014 | $131.00 | 12.4 | $1,624.40 |
| Ramon Rodriguez III, MD, JD | 2015 | $361.00 | 35.1 | $12,671.10 |
| Lisa Robertson | 2015 | $135.00 | 35.6 | $4,806.00 |

---

[3] *McCulloch v. HHS*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The undersigned notes that Dr. Rodriguez previously charged significantly lower rates which had been negotiated with respondent's counsel in 2011.  See *Webb v. HHS*, No. 14-893V, Unopposed Petition for Reimbursement of Attorneys' Fees and Costs filed February 26, 2016 (ECF No. 37) (requesting rates of $284 for 2016, $282 for 2015, and $277 for 2014).

[4] http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf

[5] The undersigned notes Dr. Rodriguez utilized the average inflation rate of 3.7% used in *McCulloch* to calculate his 2014 and 2016 rates in the instant application after requesting a rate of $375 for 2015.  Accordingly, the undersigned has calculated Dr. Rodriguez's 2015 and 2014 rates by subtracting 3.7% from his 2016 rate and 2015 rate respectively and then rounding to the nearest dollar.

```
Ramon Rodriguez III, MD, JD    2016    $375.00    11.9    $4,462.50
Lisa Robertson                 2016    $140.00     7.0      $980.00
TOTAL                                                    $24,857.20
```

The undersigned reduces petitioner's counsel's fees by $669.70.  Thus, the total amount awarded for attorneys' fees is $24,857.20.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).

**Accordingly, the undersigned awards the total of $25,779.63[6] as follows:**

- **A lump sum of $25,775.15, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Raymond Rodriguez; and**

- **A lump sum of $4.48, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.